Per Curiam.

Petitioner raises a number of questions. He contends that his restraint is illegal because the original affidavit was not signed, and that no warrant was issued for his arrest. It is well established that the validity of an accused’s conviction is dependent upon a valid indictment and trial thereon, and it is not affected by the illegality of the arrest. Brown v. Maxwell, Warden, 174 Ohio St., 29; and Anderson v. Maxwell, Warden, 175 Ohio St., 210.
Petitioner urges further that the fact that he was held some two and one-half days before he was taken before a magistrate invalidated his conviction. Petitioner admitted that dur *188 ing such time he made no statements nor did he sign a confession. The only basis on which such restraint could affect the validity of his conviction would be if some statement had been procured from him which could be considered a coerced confession. The mere detention of an accused for a period of time before he is taken before a magistrate and charged does not constitute an infringement of his constitutional rights so as to invalidate his subsequent conviction. If, during such time, a confession is procured from him, which confession is subsequently determined to have been coerced as a result of the detention and it is used against him, only then does such detention enter into the question as to whether his constitutional rights have been infringed. The detention itself does not under any circumstances invalidate the conviction; it is only evidence that a confession procured during such time may have been coerced. Cato v. Alvis, 288 F. (2d), 530.
Petitioner alleges also that he did not have counsel at his preliminary hearing or at his arraignment. There is no evidence of this.
Next, petitioner urges that he was denied, until the day of his trial, his constitutional right of confronting his accusers and the witnesses used against him. He apparently bases this argument on the conduct of his prelimary hearing.
The purpose of the constitutional provision according an accused the right to confront his accusers and the witnesses used against him is to provide the accused an opportunity for cross-examination. It relates to the actual trial for the commission of the offense and not to the preliminary examination where it is determined whether the accused is to be bound over to the Grand Jury. 23 Corpus Juris Secundum, 1048, Criminal Law, Section 999; and 14 American Jurisprudence, 891, Criminal Law, Section 180.
The state at these preliminary proceedings need not produce all the witnesses it subsequently uses at the trial. It needs only to produce sufficient evidence to warrant holding the accused for trial.
Petitioner contends that his counsel was incompetent. The question as to competency of counsel can be raised only by ap *189 peal; it is not cognizable in habeas corpus. Rodriguez v. Sacks, Warden, 173 Ohio St., 456.
Petitioner claims also that he was denied a public trial. This contention apparently is based on the fact that there were no spectators in the courtroom during his trial. There is no evidence that the public was in any way barred from this hearing.
Petitioner alleges that his counsel deprived him of the right to testify. There is no question that he did not take the stand on his own behalf. He apparently acceded to the judgment of his counsel at the trial and now seeks to use this as a basis for his release. This point is not well taken. Proffit v. United States, 316 F. (2d), 705. In conjunction with this, it might be noted that petitioner also attacks the qualifications of two of the jurors. This was a matter of his counsel’s judgment.
Finally, petitioner argues that he was denied his constitutional rights on the ground that his court-appointed attorney did not appeal from his conviction. Such attorney did file a motion for a new trial but not an appeal. The question as to whether an accused has been denied his constitutional rights by the failure of his counsel to prosecute an appeal is a question which must be raised by appeal and is not cognizable in an action in habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.